UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

YONGBAE KIM and AIERY MIN,

    Plaintiff,

  v.

BANK OF AMERICA, N.A., BAC HOME LOANS SERVICING, L.P., RECONSTRUST, N.A. and JOHN DOES (1-5),

    Defendants.

CASE NO. C11-296 MJP

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS AND GRANTING PLAINTIFF'S MOTION FOR RELIEF FROM A DEADLINE

    This matter comes before the Court on Defendants' motion to dismiss and Plaintiffs' motion for relief from a deadline. (Dkt. Nos. 16 and 24.) Having reviewed the motions, Plaintiff's response (Dkt. No. 22), Defendants' reply (Dkt. No. 25) and all related filings, the Court GRANTS in part and DENIES in part Defendant's motion to dismiss, GRANTS Plaintiffs' motion for relief from a deadline and GRANTS in part Plaintiffs leave to amend.

\\

\\

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS AND GRANTING PLAINTIFF'S MOTION FOR RELIEF FROM A DEADLINE- 1

**Background**

In August 2006, Plaintiffs Yongbae Kim and Aiery Min ("Plaintiffs") obtained a mortgage loan for $535,992. (Lorber Decl., Ex. A.) The loan financed real property located at 3912 184th Pl. SE, Bothell WA 98012. Id. The Deed of Trust securing the loan identifies BANA as the lender. Id. BACHLS serviced Plaintiffs' loan and ReconTrust was later appointed the successor trustee under the deed of trust. Compl. ¶¶ 6, 9.

On October 28, 2010, ReconTrust recorded a Notice of Trustee's Sale informing Plaintiffs that the property would be sold on January 28, 2011. (Lorber Decl., Ex. B.) On January 28, 2011, the property sold to U.S. Bank, as the Trustee for the Certificate Holders of Bank of America Funding Corporation Mortgage Pass-Through Certificates Series 2006-I. (Lorber Decl., Ex. C.)

After the property was sold, Plaintiffs brought suit against Defendants in February 2011. Plaintiffs brought seven claims for (1) Deed of Trust Act violations, (2) breach of third-party contract, (3) breach of contract, (4) equitable estoppel, (5) promissory estoppel, (6) Consumer Protection Act violations, and (7) quiet title. In sum, Plaintiffs allege Defendants promised them a foreclosure would not occur if they submitted an application for a loan modification. Plaintiffs, therefore, believe their application for a loan modification precluded the January 2011 foreclosure sale. (Compl. ¶ 14.)

**Analysis**

I.   Motion to Dismiss

Plaintiffs are suing Defendant for violating the Deed of Trust Act ("DTA") and the Consumer Protection Act ("CPA"), breach of third-party contract, breach of contract, equitable

and promissory estoppel and quiet title. Defendants seek dismissal, arguing Plaintiffs' complaint either fails to state a claim or asserts claims waived once the foreclosure sale occurred.

1. Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, ––– U.S. ––––, ––––, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). "Pro se complaints are to be construed liberally." Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir.2007)(internal quotation marks and citations omitted). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). A plaintiff must "provide the 'grounds' of his 'entitle[ment] to relief.' " Twombly, 550 U.S. at 555 (citations omitted).

When ruling on a motion to dismiss, a court may "generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Outdoor Media Grp., Inc. v. City of Beaumont, 506 F.3d 895, 899-900 (9th Cir. 2007). In particular, "a court may take judicial notice of court filings and other matters of public record." Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 (9th Cir. 2006).

2. Deed of Trust Act

Defendants argue (1) Plaintiffs waived the majority of their claims when they failed to contest the foreclosure sale on January 28, 2011 and (2) Plaintiffs fail to state a claim. The Court agrees in part.

A. Waiver

Plaintiffs waived three of their claims when they failed to enjoin the foreclosure.

In Washington, the Deed of Trust Act ("DTA") governs non-judicial foreclosures and the process borrowers may take to challenge foreclosures. See RCW 61.24.130. Under the DTA, objections to the trustee's sale are waived where pre-sale remedies are not pursued. Plein v. Lackey, 149 Wash.2d 214, 227-29 (2003). However, failure to enjoin the sale does not necessarily waive a borrower's claim for monetary damages post-sale. See RCW 61.24.127(1). While the Washington Court of Appeals determined all claims were barred post-sale under the DTA in Brown v. Household Realty Corp., 146 Wn. App. 157 (2008), the Washington legislature later enacted RCW 61.24.127, which preserved certain claims post-sale as long as they did not seek a remedy at law or in equity and they do not challenge the validity or finality of the sale. RCW 61.24.127(2). Specifically, the Washington legislature preserved claims involving common law fraud or misrepresentation, violation of Title 19 of the RCW, or failure of the trustee to materially comply with the DTA, as valid even after a foreclosure sale occurs. Id.; see also, Pavino v. Bank of America, N.A., 2011 WL 2881788, *1 (W.D.Wash. July 18, 2011).

Here, Plaintiffs waived three of their claims—quiet title, equitable estoppel and promissory estoppel--when they failed to seek a court order enjoining the foreclosure sale. These claims effectively request an order requiring Defendants reverse the foreclosure because they promised not to foreclose while Plaintiffs' loan modification application was pending. Plaintiffs' claims are, in effect, a request to void the foreclosure sale. Since the DTA does not recognize post-sale claims seeking a remedy at equity and/or challenge the finality of the foreclosure sale, the Court DISMISSES with prejudice Plaintiffs' claims for quiet title, equitable estoppel, and promissory estoppels as waived.

\\

\\

ORDER GRANTING IN PART AND DENYING IN
PART DEFENDANT'S MOTION TO DISMISS
AND GRANTING PLAINTIFF'S MOTION FOR
RELIEF FROM A DEADLINE- 4

B. Failure to State a Claim

Defendants argue none of Plaintiffs' remaining claims are adequately pled. The Court agrees in part.

      i.       DTA Violations

Plaintiffs allege Defendants "failed to provide statutory notices to the Plaintiffs regarding alternatives to foreclosure proceedings." (Compl. ¶ 20).

Under the DTA, a trustee initiates foreclosure proceedings by transmitting a notice of default to the borrower thirty days before a notice of sale is recorded. RCW 61.24.030(8). After this first notice, the trustee must serve and record a notice of trustee's sale and notice of foreclosure at least 90 days before the foreclosure sale date. RCW 61.24.040. The DTA determines the content of each notice, respectively. Id. The Notice of Sale must inform the borrower of means to avoiding foreclosure, which includes filing suit to enjoin the sale. Id.

Here, Plaintiffs' allegations that Defendants failed to provide these statutory notices are undermined by the public record, which the Court may consider on a motion to dismiss. See Reyn's, 442 F.3d at 746. As demonstrated by the public record, Defendants properly notified Plaintiffs of a notice of trustee sale on October 28, 2011. (See Lorber Decl., Ex. B.) The Notice of Sale advised Plaintiffs that they were in default, that a notice of default had been transmitted previously, and that to avoid foreclosure Plaintiffs would have to pay the entire balance owing or bring a lawsuit to restrain the sale. (Id.)

To the extent Plaintiffs argues ReconTrust failed to maintain a physical presence in Washington as required by the DTA, the Court finds Plaintiffs' argument fails. Plaintiffs' complaint does not allege ReconTrust failed to meet DTA requirements to serve as a trustee. Instead, Plaintiffs allege they did not receive the statutory notices required by the DTA. Since

ORDER GRANTING IN PART AND DENYING IN
PART DEFENDANT'S MOTION TO DISMISS
AND GRANTING PLAINTIFF'S MOTION FOR
RELIEF FROM A DEADLINE- 5

Plaintiff's complaint does not raise challenges regarding ReconTrust's physical presence—even when interpreted liberally, the Court finds Plaintiff's argument fails.

The Court DISMISSES DTA's claim for failure to state a claim because Plaintiffs only DTA claim relates to failure to provide notices yet the public record demonstrates notices were, in fact, recorded. As discussed below, Plaintiffs are free to amend their complaint to more clearly identify the DTA violation alleged.

        ii.        <u>Breach of Third-Party Contract</u>

Plaintiffs believe they are third-party beneficiaries to a contract between Defendants and the Treasury Secretary as part of the Trouble Asset Relief Program ("TARP") and Home Affordable Modification Program ("HAMP"). The Court finds Plaintiffs' breach of third-party contract fails as a matter of law.

TARP and HAMP only establish a process for lenders to receive federal funds so they may offer loan modifications before resorting to foreclosure sales. Neither program recognizes a private right of action against lenders or servicers. See <u>Gonzalez v. First Franklin Loan Services</u>, 2010 WL 144862, *18 (E.D. Cal. Jan. 11, 2010); <u>Escobedo v. Countrywide Home Loans, Inc.</u>, No. 09-cv-1557, 2009 WL 4981618 *2 (S.D.Cal. Dec. 15, 2009)(finding borrower lacked standing to enforce HAMP provisions). To the extent TARP recognizes a private right of action, the right flows against the Treasury Secretary only. 12 U.S.C. § 5229.

Equally misplaced is Plaintiffs' belief that they are the "intended beneficiaries" of the lenders' contracts with the government under TARP and HAMP. Although Plaintiffs may be <u>incidental</u> beneficiaries, they are not <u>intended</u> beneficiaries of the Defendants' contract with the Treasury Department. As stated in the Emergency Economic Stablization Act ("EESA") which authorized the programs, the purpose of TARP and HAMP is to "restore liquidity and stability to

the financial system of the United States" and " protect[] home values, college funds, retirement accounts, and life savings." 12 U.S.C. § 5201. When it comes to government contracts, there is a presumption that the public are incidental beneficiaries only and do not obtain third-party beneficiary rights, i.e., rights of contract enforcement. Klamath Water Users Protective Ass'n v. Patterson, 204 F.3d 1206, 1210 (9th Cir. 2010)(requiring a third party be an intended beneficiary and not just an incidental beneficiary in order for the third party to enforce his rights). Since there is no indication that the programs demonstrate a clear intent to confer a benefit on Plaintiffs and Plaintiffs' claims are barred by operation of law, the Court GRANTS Defendants' motion and DISMISSES with prejudice Plaintiffs' third-party contract claims under TARP and HAMP.

### iii. Breach of Contract

Plaintiffs allege Defendants implicitly agreed not to foreclose on the property while it reviewed their loan modification application. The Court finds Plaintiffs' claim fails.

A contract implied in fact arises by inference or implication from the parties' acts and conduct viewed in light of surrounding circumstances and not from written or spoken words. Milone & Tucci, Inc. v. Bona Fide Builders, Inc., 301 P.2d 759, 762 (Wn. 1956). Like an express contract, it grows out of the intentions of the parties to the transaction, and there must be a meeting of the minds. Id. The essential elements of a contract are (1) the subject matter, (2) the parties, (3) the promise, (4) the terms and conditions, and (5) consideration. Bogle & Gates, P.L.L.C. v. Holly Mountain Resources, 108 Wash.App. 557, 560 (2001). "Consideration" is any act, forbearance, creation, modification or destruction of a legal relationship, or return promise given in exchange. King v. Riveland, 125 Wash.2d 500, 505 (1994). In order to constitute consideration, an act or promise must be bargained for and given in exchange for the promise. Id.

Here, Plaintiff's complaint alleges that "Bank of American Loans offered to review an application by the Plaintiffs to determine whether it would modify the mortgage it managed [sic] by the Plaintiffs' residence. The Plaintiff[s] accepted this invitation and proffered a complete application to Bank of America Loans in late 2010. In accepting this application, Bank of America implicitly guaranteed that it would not foreclose on the Plaintiffs' property while it was reviewed the application. Bank of America failed to inform the trustee Recontrust to stop the sale of the property in violation of this agreement." (Compl. ¶ 22.)

Plaintiffs' facts, even if true, do not support a claim for breach of contract. Plaintiffs fail to allege any facts suggesting they provided consideration in exchange for Bank of America agreeing not to foreclose on the property. There is no reason to believe Bank of America would agree to delay foreclosure without receiving any bargained for promise. Plaintiffs' promise to submit an application for a loan modification does not suffice. Since, as alleged, the surrounding circumstances do not create an inference that a contract existed, the Court finds Plaintiffs fail to allege the minimum facts necessary for a breach of contract claim and GRANTS Defendants' motion to dismiss. As discussed below, the Court GRANTS leave for Plaintiffs to amend this claim.

### iv. Consumer Protection Act

To establish a CPA violation, a plaintiff must plead five elements: (1) an unfair or deceptive act or practice that (2) occurs in trade or commerce, (3) impacts the public interest, (4) causes injury to the plaintiff in her business or property, and (5) the injury is causally linked to the unfair or deceptive act. Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wash.2d 778, 780 (1986).

Reading the complaint in a light most favorable to Plaintiffs, the Court finds Plaintiffs sufficiently pled a CPA claim. As alleged, Defendants promised Plaintiffs their property would not be foreclosed on while Plaintiffs applied for a loan modification, yet Defendants foreclosed anyway. If proven, this is a deceptive act that occurred during the course of trade of commerce which resulted in the foreclosure of Plaintiffs' property.

While Defendants argue Plaintiffs fail to allege acts "contrary to public policy," the Court finds the argument unavailing. The Washington legislature's enactment of RCW 61.24.127 demonstrates a public interest in the issue of deceptive foreclosure activities. As discussed above, RCW 61.24.127 is now a part of the DTA and explicitly preserves CPA claims post-foreclosure sale. RCW 61.24.127. In addition to this legislative mandate, the Court finds public policy favors transparent foreclosure proceedings. See, e.g., Panag v. Farmers Ins. Co. of Washington, 166 Wash.2d 27 (2009)(finding similarly regarding deceptive insurance subrogation collection activities).

Since the CPA is to be construed liberally in order to protect the public from unfair and deceptive business practices, the Court DENIES Defendants' motion to dismiss Plaintiffs' CPA claim.

II. Plaintiffs' Request for Leave to Amend

In their response, Plaintiffs request leave to amend their complaint. "Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Weilburg, 488 F.3d at 1205.

The Court GRANTS Plaintiffs' request for leave to amend their complaint with respect to three of Plaintiffs' claims. Because it is absolutely clear that Plaintiffs' claims for breach of third-party contract, promissory estoppel, equitable estoppel, and quiet title fail as a matter of

law, the Court bars Plaintiffs from re-alleging those claims. But Plaintiffs' amended complaint may reassert all remaining claims. Any amended complaint must be filed within 10 calendar days of the date of this order.

III.    Motion for Relief from a Deadline

Plaintiffs request the Court consider their response to Defendants' motion to dismiss even though the response was filed three days late under Local Rule 7(d). Considering the Court's preference to consider issues on the merits, Plaintiffs status as pro se litigants, and their recent familiarity with the Court's electronic filing system, the Court GRANTS Plaintiffs' request. However, the Court's leniency will only be extended once. In the future, the Court will only consider those filings submitted in accordance with Local Rule 7(d).

**Conclusion**

Since Plaintiffs never sought to enjoin the foreclosure sale before it occurred, the Court DISMISSES with prejudice Plaintiffs' claims for quiet title, equitable estoppel, and promissory estoppel as waived. The Court likewise DISMISSES with prejudice Plaintiffs' claim for breach of third-party contract because the law does not recognize a claim under HAMP or TARP.

The Court DISMISSES without prejudice Plaintiffs' DTA claim and breach of contract claim for failure to state a claim. The Court DENIES Defendants' motion to dismiss the CPA claim.

Considering Plaintiffs are pro se, the Court GRANTS Plaintiffs' motion for relief from deadline and GRANTS in part Plaintiffs' request for leave to amend their complaint. While Plaintiffs may not assert those claims barred by law (i.e., quiet title, equitable estoppel, promissory estoppels, and breach of third-party contract), the Court allows Plaintiffs leave to file an amended complaint that re-alleges their remaining claims related to DTA violations, breach of

1 contract, and, at their discretion, the CPA claim. Plaintiffs' amended complaint must be filed

2 within ten (10) days of entry of this Order.

3     In addition, the Court requests parties inform the Court whether they would consent to

4 this action being referred to Alternative Dispute Resolution within ten (10) days of this Order.

5     The clerk is ordered to provide copies of this order to all counsel.

6     Dated this 11th day of August, 2011.

                                                Marsha J. Pechman
                                                United States District Judge

ORDER GRANTING IN PART AND DENYING IN
PART DEFENDANT'S MOTION TO DISMISS
AND GRANTING PLAINTIFF'S MOTION FOR
RELIEF FROM A DEADLINE- 11